UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATHAN RICHARDSON,

                              Plaintiff,

       v.                                                 9:21-CV-0596
                                                               (GTS/ATB)

LIEUTENANT KUCMACK, et al.,

                              Defendants.
_____

APPEARANCES:

NATHAN RICHARDSON
18-A-3061
Plaintiff, pro se
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

       In May 2021, plaintiff Nathan Richardson ("Plaintiff") commenced this action by submitting a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). The Complaint contained allegations of wrongdoing that occurred, if at all, while Plaintiff was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Mid-State Correctional Facility ("Mid-State C.F."). *See generally* Compl. Plaintiff did not pay the statutory filing fee and filed an application to proceed in form pauperis. Dkt. No. 4 ("IFP Application").

In a Decision and Order filed on September 3, 2021 (the "September Order"), the Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). Dkt. No. 8. The Court dismissed all claims, without prejudice, for failure to state a cause of action. *Id*. In light of his pro se status, Plaintiff was afforded an opportunity to submit an Amended Complaint. *Id*. at 21-22.

Plaintiff's Amended Complaint is now before the Court for review. Dkt. No. 16 ("Am. Compl.").

## II.    SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the September Order and it will not be restated in this Decision and Order. *See* Dkt. No. 8 at 2-4.

### B.  Summary of Amended Complaint

The following facts are set forth as alleged by Plaintiff in his Amended Complaint.

On April 16, 2021, Plaintiff attempted to mail a letter to his supervising Offender Rehabilitation Coordinator ("ORC") Marriott, at her office within the facility. Am. Compl. at 11. Defendant Officer A. Montalto ("Montalto") intercepted, opened, and read the correspondence. *Id*. at 11-16.

On April 23, 2021, Montalto issued a Misbehavior Report charging Plaintiff with stalking, making false statements, violations of facility correspondence rules, and

harassment. Am. Compl. at 6, 15-17. As a result of the report, Plaintiff was transferred to the Special Housing Unit ("SHU") where he was met by defendant Officer Falcone ("Falcone"). *Id.* at 19. Falcone "punched Plaintiff in his lower back with a closed fist." Id.

On April 29, 2021, Falcone entered the SHU and "insisted" that he was assigned as Plaintiff's Tier 3 assistant for his disciplinary hearing. Am. Compl. at 6, 20. Plaintiff declined the offer. *Id.* On April 30, 2021, Falcone returned and stated that if Plaintiff did not accept his assistance, he would not have any assistance at his disciplinary hearing. *Id.* Plaintiff asked Falcone to secure documents and Marriott's testimony for the hearing. *Id*. at 6-7.

The disciplinary hearing began on April 30, 2021. Am. Compl. at 21. Defendant Lieutenant Kucmack ("Kucmack"), the hearing officer, denied Plaintiff's requests for evidence and Marriott's testimony. Am. Compl. at 7, 21. At the conclusion of the hearing, Kucmack found Plaintiff guilty and sentenced him to ninety days in the SHU with a corresponding loss of privileges and a loss of 120 days of good time credit. *Id*. at 22.

On May 3, 2021, Plaintiff was assaulted by four unidentified SHU officers. Am. Compl. at 23, 25. Plaintiff suffered a fractured rib and was denied medical attention. *Id.*

Construing the Amended Complaint liberally, Plaintiff asserts the following: (1) constitutional claim against Montalto for filing a false misbehavior report; (2) First Amendment claim against Montalto for mail interference; (3) claim against Montalto for violations of DOCCS Directives #4421 and #4422 related to inmate correspondence; (4) Eighth Amendment claims against Falcone; (5) Fourteenth Amendment due process claim against Kucmack; and (6) conspiracy claims against Falcone and Kucmack. *See generally* Am. Compl.

3

**C. Analysis**

### 1. False Misbehavior Report, First Amendment Claim, Violations of DOCCS Directives, and Conspiracy

The law related to these claims was discussed in the September Order and will not be restated herein. Dkt. No. 8 at 7-9, 17-18. In the September Order, the Court dismissed these claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). *Id*.

Despite being given the opportunity to amend the Complaint, Plaintiff has failed to cure the deficiencies in these claims. Accordingly, for the reasons set forth in the September Order, the aforementioned claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

### 2. Eighth Amendment

The law related to Eighth Amendment excessive force claims was discussed in the September Order and will not be restated herein. Dkt. No. 8 at 10-12. In the September Order, the Court dismissed the excessive force claim against Falcone reasoning:

> Here, the Complaint lacks details regarding the use of force including the manner and duration. Moreover, Plaintiff does not allege that he sustained any injury as a result of the incident. In light of the conclusory nature of the allegation, the Court has no basis to plausibly infer that the force allegedly used against Plaintiff was objectively unreasonable.

Dkt. No. 8 at 12.

Although Plaintiff was given an opportunity to cure the defects in the excessive force claim, he has not plead any additional facts related to Falcone's alleged use of force. Accordingly, for the reasons set forth herein and in the September Order, Plaintiff's excessive force claim against Falcone is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28

U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

To the extent that Plaintiff attempts to assert Eighth Amendment excessive force claims arising out of an incident on May 3, 2021, those claims are also dismissed. As discussed in the September Order, "Rule 10(a) of the Federal Rules of Civil Procedure provides that, the title of the complaint must name all the parties. A party not named in the caption of the complaint is not a party to the action." Dkt. No. 8 at 20 (citation and internal quotation marks omitted). In the Amended Complaint, Plaintiff claims he was assaulted by four unidentified SHU officers. *See* Am. Compl. at 23, 25. Plaintiff does not, however, identify these individuals as defendants in the caption of his pleading or the list of parties. Accordingly, the Court will not construe the Complaint to assert any cause of action against any individual not named in the caption or identified as a defendant. *See Robles v. Armstrong*, No. 3:03-CV-1634, 2006 WL 752857, at *1 n.1 (D. Conn. Mar. 17, 2006) ("Because the John and Jane Does are not listed in the caption of the amended complaint, they are not defendants and the court does not consider claims against them.").

### 3. Fourteenth Amendment - Due Process

The law related to Fourteenth Amendment due process claims was discussed in the September Order and will not be restated herein. Dkt. No. 8 at 13-15. In the September Order, the Court dismissed the due process claims because Plaintiff "failed to plead any facts that plausibly suggest that his SHU confinement imposed an atypical and significant hardship, and therefore Plaintiff has failed to plead the existence of a valid liberty interest." *Id*. at 15 (citation omitted). The Court reasoned that while Plaintiff may have been "sentenced" to ninety days in the SHU, "the Complaint does not contain any facts related to

when or for how long Plaintiff was confined to the SHU and is completely devoid of any description of the conditions he endured while serving a SHU sentence and therefore Plaintiff has failed to plead the existence of a valid liberty interest." *Id.*  The Court also addressed *Heck v. Humphrey* and held:

> Since Plaintiff has not demonstrated that his disciplinary determinations have been invalidated, *Heck* bars a challenge regarding the validity of his conviction unless plaintiff "abandon[s], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in [this] § 1983 suit."

Dkt. No. 8 at 17.

Despite being given the opportunity to amend the Complaint, Plaintiff has failed to cure the deficiencies in his due process claim. In evaluating the severity of the hardship imposed, a district court must consider both the duration and conditions of the confinement. *See Sealy v. Glitner*, 197 F.3d 578, 586 (2d Cir. 1999). In the Amended Complaint, Plaintiff again alleges he was sentenced to ninety days in SHU with a corresponding loss of privileges, but does not state how long he was actually confined to the SHU. Am. Compl. at 7.

Assuming Plaintiff was confined for the entirety of his sentence, as discussed in the September Order, "the Second Circuit generally takes the position that confinement in a SHU, without unusual conditions, for a period of up to 101 days will generally not constitute an atypical hardship." Dkt. No. 8 at 14. "[O]rdinarily, SHU prisoners are kept in solitary confinement for twenty-three hours a day, provided one hour of exercise in the prison yard per day, and permitted two showers per week." *Martinaj v. Uhler*, No. 9:18-CV-00257 (BKS/DJS), 2019 WL 652251, at *8 (N.D.N.Y. Feb. 15, 2019) (citation omitted).

Here, Plaintiff claims that officers continuously "beat" inmates and warn inmates not to "stop anyone in authority" or risk being denied food, showers, telephone, or recreation privileges.[1] *Id.* at 24.  While Plaintiff describes general conditions of confinement facing inmates in the SHU, he does not assert that he was actually threatened, denied food, showers, privileges, or recreation.  The pleading lacks facts suggesting Plaintiff himself suffered from conditions that were an "atypical and significant hardship."  *See Martinaj*, 2019 WL 652251, at *9 (dismissing due process claims because the plaintiff failed to allege that he was actually denied medication or how his treatment in the SHU differed from what he would have received in the general population).

Moreover, Plaintiff alleges that he was assaulted on May 3, 2021 but, as discussed *supra*, Plaintiff has not identified the individuals involved in the physical altercation and the Amended Complaint lacks any facts surrounding the incident.  Accordingly, the Court finds that Plaintiff has not sufficiently plead that this condition was attributed to his confinement in the SHU.  Rather, he could have experienced this assault no matter where he was housed within the facility.  *See Aikens v. Porter*, No. 16-CV-949S, 2019 WL 499993, at *6 (W.D.N.Y. Feb. 8, 2019) (dismissing due process claim where the plaintiff failed to plead that his inability to sleep was the result of his placement in the SHU where "he would have experienced those conditions no matter where he was placed").

Plaintiff also failed to provide a *Peralta* waiver indicating whether he waives for all times all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the recommended loss of good time) in order to proceed with claims

---

[1] While Plaintiff asserts that SHU cells at Mid-State C.F. did not have windows, *see* Am. Compl. at 23, it is not uncommon for SHU cells to lack windows.  *See McClary v. Kelly*, 4 F.Supp.2d 195, 204 (W.D.N.Y. 1998).

challenging sanctions affecting the conditions of his confinement.  *See* Dkt. No. 8 at 17.

Accordingly, for the reasons set forth herein and in the September Order, Plaintiff's due process claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 16) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Amended Complaint is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff.

Dated: March 9, 2022
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge